NOTICE
Decision filed 04/15/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230407-U

NO. 5-23-0407

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| OPAL GROUP #1, LLC, d/b/a Ashburn Court Apartments, | ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-EV-119 |
| ERIC BARNEY, | ) ) | Honorable Steven M.J. Bost, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the record on appeal is insufficient to support the defendant-appellant's claims of error, this court must presume that the eviction order entered by the circuit court conforms with the law and has a sufficient factual basis, and therefore the eviction order is affirmed.

¶ 2    In this action under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2022)), the defendant, Eric Barney, appeals *pro se* from the circuit court's order that awarded possession of the subject apartment unit, plus court costs and attorney fees, to the plaintiff, Opal Group #1 LLC, d/b/a Ashburn Court Apartments (Opal Group). In this court, Barney has filed an appellant's brief, but Opal Group has not filed an appellee's brief. This court has considered this appeal based on Barney's brief and the record on appeal, a record that does not include a report of proceedings. The eviction order is affirmed.

1

¶ 3                                    BACKGROUND

¶ 4     On March 16, 2023, Opal Group, through attorney Webb H. Smith, filed a complaint for eviction. According to the complaint, Opal Group owned an apartment building in Carbondale, Illinois, and Barney was a tenant in a unit of that building, pursuant to a written lease. Barney had not paid $7800 in rent. The complaint also alleged that on February 14, 2023, Opal Group had served Barney with a five-day notice for the nonpayment of rent in the amount of $7200, and since that date, Barney had not paid anything. Opal Group sought possession of the subject apartment unit, plus court costs and attorney fees.

¶ 5     Attached to the complaint were a copy of the lease and a copy of the five-day notice. The lease was entered into on January 4, 2021, and signed by Barney. The lease term began on February 1, 2021, and ended on July 31, 2021. Under the terms of the lease, the monthly rent was $575, and it was due on the first day of each month; a $50 late fee applied if the rent was not paid by the fifth of the month.

¶ 6     On May 23, 2023, attorney Smith filed an affidavit of attorney fees. It stated that attorney fees were $350 and that court costs were $269.38.

¶ 7     On May 24, 2023, the circuit court held an eviction hearing via videoconference. As previously indicated, the record on appeal does not include a report of proceedings (or a bystander's report or an agreed statement of facts, for that matter), and therefore the only information about the hearing appears in the common law record. The common law record includes this docket entry for the May 24, 2023, hearing: "Atty Smith with P. D appears. Admits. Order entered for possession 6/5 @ 4 pm. Fees and costs. Eviction Order Filed Document #1363153 (ORDER FILED) date 5/24/2023 emailed to: BARNEY, ERIC SMITH, WEBB." The common law record also includes a written eviction order; it awarded possession of the apartment to Opal

2

Group, plus court costs of $269.38 and attorney fees of $350. The order stated that Barney was to leave the apartment by June 5, 2023, at 4 p.m. According to the order, it was entered "[b]y agreement" with "no factual findings" by the court. Just below this line were two signature lines—one for "Plaintiff (or lawyer)" and one for "Defendant (or lawyer)." Hand-written on the plaintiff's signature line are four letters that appear to spell the name "Zoom", the videoconferencing platform. Hand-written on the defendant's signature line are three letters that are illegible.

¶ 8     On June 6, 2023, Barney filed an application for waiver of court fees, due to low income. The court ordered the fees waived.

¶ 9     On June 8, 2023, Barney filed *pro se* an "emergency motion to vacate" the eviction order. The motion to vacate asserted that Barney did not " 'agree' orally or in writing to [Opal Group's] eviction order" nor did he agree orally or in writing to pay court costs and attorney fees. In addition, the motion asserted that neither Barney nor an authorized representative had signed the defendant's signature line on the eviction order. Also on June 8, 2023, Barney filed *pro se* an "emergency motion to stay" the eviction order. Barney also sent a notice of the emergency filings to Opal Group.

¶ 10    On June 9, 2023, the circuit court, without a hearing, denied the motion to vacate and to stay the eviction.

¶ 11    Barney timely filed a notice of appeal from the denial order, thus perfecting the instant appeal.

¶ 12                                ANALYSIS

¶ 13    This appeal is from an order that awarded possession of the subject apartment unit to Opal Group, along with court costs and attorney fees. As previously mentioned, Barney has filed an appellant's brief, but Opal Group has not filed an appellee's brief. Despite the absence of an

appellee's brief, this court will address the merits of the appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (where the appellee does not file a brief, a reviewing court may decide the merits of an appeal where the claims of error may be easily decided without benefit of that brief).

¶ 14    On appeal, Barney presents two issues for review: (1) whether the circuit court abused its discretion in granting the eviction order, where Opal Group's complaint for eviction failed to allege a valid lease agreement between the two parties and where, contrary to the written eviction order, Barney neither admitted anything nor agreed to the order; and (2) whether the circuit court erred in denying Barney's postjudgment motions to vacate and to stay the eviction order, where granting such relief was necessary to afford Barney "substantial justice."

¶ 15    Although Barney proceeds *pro se* in this appeal, he nevertheless must abide by the same rules as an appellant who is represented by counsel. See, *e.g.*, *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. These rules include the appellant's duty to supply the reviewing court with a sufficient record of the trial proceedings to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If a complete record is unavailable, the reviewing court must presume "that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. Any doubts arising "from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 16    Barney's claims must fail because he did not provide a sufficient record from which an appellate court can evaluate them. Here, the record does not contain a report of proceedings from the eviction hearing held on May 24, 2023; also, there is no bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Therefore, this court must assume that the circuit court's decision to grant Opal Group's complaint, evict Barney, etc., was not against

4

the manifest weight of the evidence. See *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27 (the standard of review for determining whether the circuit court erred in entering an eviction order is whether the ruling was against the manifest weight of the evidence).

¶ 17                                          CONCLUSION

¶ 18     For the foregoing reasons, the record is insufficient to support Barney's claims on appeal. Accordingly, the circuit court's eviction order is affirmed.


¶ 19     Affirmed.